United States District Court
Southern District of Texas
**ENTERED**
June 18, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAUL EDWARD ARCHIE, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-2739 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas lawsuit challenging the calculation of his work and good time credits by Texas Department of Criminal Justice ("TDCJ") officials. Respondent filed a motion for summary judgment on September 30, 2019. (Docket Entry No. 11.) Despite being granted four extensions, petitioner failed to file a response prior to the Court's final deadline of March 26, 2020. On March 31, 2020, petitioner filed a *pro se* motion for summary judgment, which the Court denied on April 2, 2020. In the interest of justice, the Court has liberally construed petitioner's motion for summary judgment (Docket Entry No. 21) as a response to respondent's motion for summary judgment.

Having considered the motion, the response, the record, and the applicable law, the Court **GRANTS** respondent's motion for summary judgment and **DISMISSES** this lawsuit as barred by the AEDPA one-year statute of limitations.

**I. PROCEDURAL BACKGROUND AND CLAIMS**

Petitioner claims that TDCJ officials miscalculated his mandatory supervised release ("MSR") date because no work or good time has been credited to his projected MSR date following his 2015 parole revocation. He requests no specific habeas relief. (Docket Entry No. 1, p. 11.) The Court liberally construes petitioner's petition as seeking a corrected calculation of his post-revocation accrued work and good time credits.

Petitioner raised this claim in an earlier section 2254 habeas petition filed with the Court on January 18, 2018. The petition claimed that prison officials miscalculated his MSR date because his April 20, 2017, prison time sheet did not accurately reflect his post-revocation work and good time credits. *Archie v. Davis*, C.A. H-18-0231 (S.D. Tex.). The Court dismissed petitioner's claims without prejudice on November 27, 2018, noting that petitioner had failed to exhaust his claim through an Offender Time Credit Dispute Resolution ("TDR") with prison officials. The Court specifically found in its memorandum on dismissal that petitioner became aware of the alleged miscalculation underlying his claim on April 20, 2017.

Petitioner subsequently filed a TDR with prison officials on December 11, 2018, and received an unfavorable response on January 16, 2019. He then filed his second state habeas application on or about January 31, 2019, which was denied by the Texas Court of Criminal Appeals on June 12, 2019. Petitioner filed the instant federal habeas petition no earlier than July 23, 2019, seeking accrued work and good time credits back to 2015.

2

Respondent seeks dismissal of the instant petition as untimely and barred by the one-year limitation set forth in 28 U.S.C. § 2244(d).

## II.  ANALYSIS

This petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Under AEDPA, federal habeas petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(l)   A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(l)–(2).

Respondent argues that the one-year limitation commenced on April 20, 2017, when petitioner received his allegedly miscalculated time sheet, because that was "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Respondent contends that limitations thus expired one year later on April 20, 2018, absent statutory tolling.

The state court record shows that petitioner's first application for state habeas relief, filed on July 15, 2017, was dismissed by the Texas Court of Criminal Appeals on December 20, 2017, for petitioner's failure to pursue TDR administrative remedies under Texas Government Code section 501.0081(b)-(c).[1] (Docket Entry No. 10-25, p. 1.) Respondent argues that this first state habeas application did not toll federal limitations because a state habeas petition dismissed on procedural grounds is not "properly filed" and provides no tolling benefit, citing *Davis v. Quarterman*, 342 F. App'x 952, 954 (5th Cir. 2009). *See* 28 U.S.C. § 2244(d)(2) (stating that only a "properly filed" application for state habeas relief can toll limitations). Although *Davis* did not involve TDR proceedings, it is clear that the Texas Court of Criminal Appeals will dismiss a state habeas application raising time credit

---

[1] A Texas prisoner may not file an application for a writ of habeas corpus in state court in order to exhaust his state habeas remedies regarding time credit disputes until he has complied with the requirements of Texas Government Code Section 501.0081. With rare exception, the statute requires the prisoner to first file a TDR with prison officials. *See Ex parte Stokes*, 15 S.W.3d 532, 533 (Tex. Crim. App. 2000) (dismissing state habeas application where applicant had not filed a TDR and did not "allege that it has been more than 180 days since he submitted an allegation of time credit error to that office, and the record reflects [a]pplicant was not within 180 days of his presumptive release date on the date he filed this application.").

4

issues where the inmate failed to comply with the TDR statute. *Ex parte Stokes*, 15 S.W.3d 532, 532–33 (Tex. Crim. App. 2000). Thus, at issue is whether petitioner's March 2017 state habeas application was "properly filed" and tolled limitations; that is, whether the application was filed in a procedurally correct manner. *Davis*, 342 F. App'x at 954.

The issue need not be examined here, as the Court answered the question in its order dismissing petitioner's earlier federal habeas proceeding:

> Archie's March 2017 state habeas application was dismissed for failure to comply with the statutory dispute-resolution process for time-served- credit error claims. . . . Archie's state application was dismissed because *it was not fairly presented to the highest Texas court in a procedurally correct manner*. It remains unexhausted.

*Archie v. Davis*, C.A. No. 18-0231 (S.D. Tex. Nov. 27, 2018) (emphasis added). Petitioner did not appeal the Court's decision in that case. Consequently, the Court has already determined that the dismissal of petitioner's 2017 state habeas application was a procedural dismissal.

In dismissing petitioner's March 2017 application for state habeas relief, the Texas Court of Criminal Appeal expressly referenced the statutory provision for TDR proceedings. However, petitioner paid no heed. Instead of filing an administrative TDR following the dismissal of his state habeas application in December 2017, he filed the earlier federal habeas petition on January 18, 2018. The petition was dismissed without prejudice on November 27, 2018, for petitioner's failure to exhaust his claims through the state TDR statute. Petitioner subsequently filed a TDR with prison officials on December 11, 2018, and

5

received an unfavorable response on January 16, 2019. This was followed by petitioner's second state habeas application on or about January 31, 2019, which was denied on the merits by the Texas Court of Criminal Appeals on June 12, 2019. Petitioner filed the instant federal habeas petition no earlier than July 23, 2019.

At the time petitioner's one-year limitation expired on April 20, 2018, no state proceedings were pending for purposes of tolling. Petitioner's state habeas application had been denied by the Texas Court of Criminal Appeals on December 20, 2017, for petitioner's failure to pursue his TDR administrative remedies; as noted, this proceeding did not toll limitations. Petitioner's next proceeding – his TDR – was filed after limitations had expired and provided no tolling benefit. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Consequently, petitioner's instant federal petition is untimely by over nine months and is barred by the AEDPA one-year statute of limitations.

In his response, petitioner argues that his first federal habeas petition tolled limitations because it was dismissed "without prejudice" and was filed prior to expiration of limitations. His argument is incorrect. Federal habeas petitions, whether dismissed with or without prejudice, do not toll the AEDPA limitation because they are not an "application for State post-conviction or other collateral review." 28 U.S.C. §§ 2244(d)(2). Petitioner further contends that the instant federal habeas petition is timely because it is a "continuation" of his earlier federal habeas petition. His argument is unsupported in the law and provides no basis for holding the pending petition timely.

Moreover, and contrary to petitioner's contention, the one-year limitation did not commence on December 11, 2018, when he filed his TDR with prison officials. His filing of a TDR did not fall within any of the limitations "triggering" events set out in 2244(d)(l). The filing of a TDR generally *tolls* the running of limitations (up to 180 days) during its pendency. *Stone v. Thaler*, 614 F.3d 136, 138 (5th Cir. 2010). In petitioner's case, limitations had already expired at the time he filed his TDR with prison officials.

Respondent is entitled to summary judgment dismissal of petitioner's claims with prejudice as barred by the AEDPA one-year statute of limitations.

### III. CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 11) is **GRANTED** and this lawsuit is **DISMISSED WITH PREJUDICE** as barred by the AEDPA one-year statute of limitations. Any and all pending motions are **DISMISSED AS MOOT**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the  18th day of June, 2020.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE